# Moorer v. Moorer et al.

### Bill in Equity for Partition of a Money Decree.

1. *Partition; money decree not subject of.*—A money decree is in the nature of a contract, an indivisible entirety; and it can not be partitioned in equity, so as to give each of the joint owners a separate and distinct cause of action.

APPEAL from Butler Chancery Court.
Heard before the Hon. JOHN A. FOSTER.

RICHARDSON & STEINER, for appellant.

WHITEHEAD & NORRIS, *contra.*—A Chancery Court has jurisdiction to partition personal property as well as real property.—3 Pom. Eq. Jur. 427, § 1391; 15 Barbour 333; 22 Ind. 568; *Marshall v. Crow,* 29 Ala. 278; *Smith v. Dunn,* 27 Ala. 315; Code of 1886, § 3262; a judgment is personal property.

CLOPTON, J.—The bill, which is filed by appellees, seeks to have partition of a money-decree, which was rendered by the Chancery Court of Lowndes county in favor of John A. Tyson, as administrator *de bonis non* of the estate of James C. Johnson, against the appellant, who was his predecessor in the administration. On the final settlement of the estate, Tyson transferred and assigned in writing the decree to the complainant Fannie C. Moorer and her sister Elizabeth Alston, who were the only distributees of the estate. Elizabeth died, leaving the complainants her only distributees. The equity of the bill is sought to be maintained on the ground, that a bill in equity will lie to obtain partition of personal property.

It may be admitted that the complainants are co-owners of the decree, each having equal right to enforce its collection by any of the modes authorized by law, and that they will become tenants in common of the proceeds when collected. But a judgment or decree is in the nature of a contract, and is an indivisible entirety. When assigned, suit

23

[Simmons et al v. Jones et al.]

thereon can only be brought in the name of the party in whose favor it is rendered. If assigned to two or more persons, it can not be partitioned so as to give each assignee a distinct cause of action for his part thereof. It may as well be said that a promissory note can be parceled out so as to render the maker liable to separate actions by the different assignees. On the allegations of the bill, it is a suit in equity on a solid money decree, only seeking to obtain separate decrees for amounts proportionate to the respective shares of the co-assignees. We know no principle on which such suit can be maintained. From the nature of a judgment or decree, it can not be partitioned so as to allot distinct shares thereof to separate and several transferees, and is not subject to any proceeding for compulsory partition.

The decree of the chancellor must be reversed, and a decree will be here rendered dismissing the bill.

Reversed and rendered.